act damages are claimed. To this cause of action the defendant answered by a special plea that the plaintiff was not the owner of the land or the trees cut from the same. If that issue be immaterial, then the court is not ousted of jurisdiction; if it be material, the court is ousted of jurisdiction.

Admitting the facts stated in the plea, viz., that the plaintiff was neither the owner of the land nor the trees, there remains a cause of action for services rendered, entirely independent of any question of ownership. The plea of title tendered is bad for another reason. There are no "facts," alleged showing that a question of title is involved. This is the express requirement of section 2951 of the Code. The plea is a simple general denial of nonessential facts stated in the complaint. A plea of title "means some affirmative, unequivocal assertion on the part of the defendant of title to the locus in quo, or some part thereof." La Rue v. Smith, 153 N. Y. 428, 431, 47 N. E. 796, 797.

As to the second question involved in this appeal: Generally speaking, appeals are only authorized from judgments. Code Civ. Proc. § 3044. The act of the justice in discontinuing the action ended it, so far as that court was concerned, and a judgment could have done no more. In actions upon accounts, where the sum total involved is more than $400, the justice is required to render a "judgment of discontinuance." Code Civ. Proc. § 2950. Although not directly involved, the Court of Appeals, in the case of La Rue v. Smith, 153 N. Y. 431, 47 N. E. 797, uses this language:

"The justice was not ousted of his jurisdiction over the case in consequence of anything appearing in the answer, and his judgment dismissing that action, on the ground that a plea of title had been interposed, could have been reviewed upon appeal."

In Koon v. Mazuzan, 6 Hill, 44, the court states upon the entry of a plea of title:

"It leaves him [the justice] to judge whether the title be in question or not, and, if he mistake, the judgment is voidable for error, not void for want of jurisdiction."

And again, in Fleet v. Youngs, 7 Wend. 292, this language is used:

"When such plea is interposed, the justice must decide whether the plea is appropriate to the action. If he errs, the injured party has his remedy."

If, as has been urged, the plea of title automatically ousted a Justice's Court of jurisdiction with no redress by appeal, it would make a farce of proceedings in that court.

Judgment reversed, with costs.

---

(65 Misc. Rep. 121.)

### In re JONES' ESTATE.

(Surrogate's Court, Yates County. November, 1909.)

TAXATION (§ 879*)—TRANSFER TAX—PROPERTY SUBJECT.

The owner of several farms conveyed them to his son, but the deeds were unrecorded, and were held by the grantor until his death. The insurance was payable to the grantor, who made contracts with tenants to work the farms, except the one on which his son lived. The farms were

assessed to the grantor, who paid the taxes, and the crops were marketed in his warehouse, and the accounts were kept as though the crops belonged to the grantor. *Held*, that it was the intent of the grantor that the deeds should not become effective until his death, so as to render the transfer taxable.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

In the matter of the estate of S. Nelson Jones. From an order assessing a transfer tax, the administrator, Herbert Jones, appeals. Affirmed.

Charles W. Kimball and Calvin J. Huson, for appellant.
John T. Knox and Henry J. Sadler, for respondent.

BAKER, S. The grounds of this appeal are:

First. That the value of the estate as fixed by the order assessing the transfer tax is excessive and not warranted by the proof taken by the appraiser.

Second. That several large farms, upon the transfer of which a tax was assessed in said order, were, in fact, conveyed by the decedent to his son and members of his son's family some five years previous to his death by deeds which transferred an absolute title, and that such transfer was not made in contemplation of the death of the grantor, nor intended to take effect in possession or enjoyment at or after such death, and is not taxable.

Herbert A. Jones, the son and administrator, is the only heir of the decedent; he and his father living in the same township, but on separate farms. There is no evidence which would justify a conclusion that a transfer was made in contemplation of death.

The undisputed evidence produced before the appraiser is that, after these deeds were executed, they remained unrecorded and in the possession of the grantor until his death; that the insurance carried on the buildings continued to be payable to the grantor; that he made contracts with the tenants to work the farms, excepting the home farm, on shores, describing himself in such contracts as "the party of the first part," and signing, "S. Nelson Jones"; that the son continued to reside on the home farm and "worked it," the grantor continuing to live on the farm known as the "Seamans farm"; that all the farms continued to be assessed to the grantor, who paid the taxes; that the crops were mostly marketed at grantor's warehouse at Himrod, and the accounts thereof kept in grantor's books, practically as though he owned them; that the transactions with the tenants were had by the grantor and all settlements made with him.

The son testified that he "superintended the whole thing for his father practically the same as though he had taken full possession"; that he had all the avails of the farms since the date of the deeds; and that he had access to the desk in which the deeds were kept, and some of the time had the keys to the desk. The testimony of Herbert A. Jones is mostly incompetent evidence, and would not have been received upon a hearing where some attention was given to the rules of evidence, and it should be carefully scrutinized. It is not supported

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the acts of his father, nor the history of the farms subsequent to the date of the deeds, nor by the circumstances of the case.

The home farm of 280 acres, on which the son resided and worked, and which he testified he leased to a tenant one year, making the lease in his own name, was not conveyed to him; but the deed names his wife, children, and heirs as the grantees of this farm. The fair inference to be taken from the testimony is that the grantees were not in possession or enjoyment of the farms described in the deeds, nor was it intended by the grantor that they should be until his death. The deeds are absolute upon their face as to the title and immediate right of possession and enjoyment, and it is contended by the appellant that the intent as to the possession and beneficial enjoyment must be ascertained solely from the language of the deeds, and that the surrounding circumstances and extrinsic facts are immaterial.

I do not believe that the courts of our state have adopted such a rule for cases like this. That rule would be a tempting instrument in the hands of persons disposed to avoid the burden imposed by the transfer tax law. It is unfortunately true that many of our citizens are disposed to look on a breach of our tax laws as a matter of thrift, and to believe that they may violate such laws without being conscious of moral turpitude. The application of such a rule would permit persons so disposed to execute conveyances of their property, retain possession of the property and conveyances after a technical delivery of the deeds, and, at the death of the grantor, the grantee could maintain that, because the deeds so recited, the transfer was intended to take effect in possession and enjoyment at the date of the deeds, and was not taxable.

I find no authority for such a rule. The courts, in determining the intention, look not only to the language of the deed, but to the relations existing between the parties and the fact of the beneficial enjoyment. Matter of Masury, 28 App. Div. 580, 51 N. Y. Supp. 331. The evidence produced before the appraiser is of sufficient force to bring the transfer within the statute, and proves a transfer, either by deeds or intestate laws, which is taxable.

Having concluded that the transfer of the farms is taxable, even though they may have been transferred by the deeds in question, it is not necessary to consider whether the transaction with his father, as testified to by Herbert A. Jones, constituted a delivery of the deeds, or of any of them, except for the purpose of determining who shall pay the tax.

Counsel for the appellant, however, in his argument, stated that no question would be raised as to whom the tax should be assessed. The question of title should not be unnecessarily determined on this appeal, for all the parties do not appear to be represented.

The value placed by the appraiser upon the farms transferred is challenged by the appellant as being excessive and not warranted by the proof. While the appraiser determined the value of the several farms to be the maximum value testified to, the finding is supported by some evidence, and will not be disturbed on this appeal.

The order appealed from should be affirmed.

Order affirmed.